**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DVONTAE LAROME PINK, | ) | Case No.: 1:24-cv-00449-KES-SKO (HC) |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS TO |
| v. | ) ) | GRANT RESPONDENT'S MOTION TO DISMISS |
| CARLOS ARCE,[1] | ) | [Doc. 23] |
| Respondent. | ) ) | [21-DAY OBJECTION PERIOD] |
| | ) ) | |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition in this Court on April 15, 2024.[2] (Doc. 1.) He filed a first amended petition on August 19, 2024, and a second amended petition on November 7, 2024. (Docs. 9, 15.) On January 21, 2025, Respondent filed a motion to dismiss contending that the petition violates the statute of limitations, contains unexhausted claims, and fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. (Doc. 23.) Petitioner did not file an opposition within the allotted time. Upon

---

[1] The current Warden of Salinas Valley State Prison is Carlos Arce. Pursuant to Fed. R. Civ. P. 25(d), Carlos Arce is hereby substituted for Charles Schuyler as Respondent in this matter.
[2] Because the petition does not contain a proof of service or signature date, the mailbox rule does not apply. The petition is deemed filed on April 15, 2024, the date the Court received the petition.

review of the pleadings, the Court will recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

**DISCUSSION**

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on exhaustion, a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period, and failure to state a claim.  Thus, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.      Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

2

1    U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).  Additionally, the petitioner must have specifically

2    told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66.

3        Petitioner presents a claim of actual innocence in ground two. Petitioner did not raise the claim

4    in his petitions to the California Supreme Court, (Docs. 21-4, 21-8), therefore, the claim is

5    unexhausted.

6    III.    Limitations Period for Filing Petition for Writ of Habeas Corpus

7        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

8    1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

9    filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114

10   F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition

11   was filed on April 15, 2024, and thus, it is subject to the provisions of the AEDPA.

12       The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

13   petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitations period

14   begins running on the date that the petitioner's direct review became final.  In this case, the California

15   Court of Appeals issued its opinion modifying the judgment on resentencing on June 9, 2022. (Doc.

16   21-11.) Petitioner did not file a petition for review of the appeal. Therefore, direct review concluded

17   forty days after the appellate court's ruling on July 19, 2022. Cal. R. Ct. 8.366, 8.500. The statute of

18   limitations commenced on the following day, July 20, 2022, and expired one year later on July 19,

19   2023. Absent applicable tolling, July 19, 2023, was the last day to file a federal habeas petition.

20   Petitioner filed his federal petition on April 15, 2024, nearly 9 months after the deadline.

21       A.    Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

22       Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

23   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

24   2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

25   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

26   U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner completes a

27   full round of [state] collateral review," so long as there is no unreasonable delay in the intervals

28   between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez,

1    340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* <u>Waldrip v. Hall</u>, 548

2    F. 3d 729 (9th Cir. 2008) (*per curiam*); <u>see</u> <u>Evans v. Chavis</u>,  546 U.S. 189, 193-194 (2006); <u>Carey v.

3    Saffold</u>, 536 U.S. 214, 220, 222-226 (2002); <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

4          Here, Petitioner filed one post-conviction collateral challenge in the state courts: a petition for

5    resentencing filed in the trial court on August 11, 2024.[3] The petition is currently pending.  Because

6    the petition was not filed until after the limitations period had already expired, it had no tolling

7    consequences, and the federal petition remains untimely. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823

8    (9th Cir. 2003).

9          B.     Equitable Tolling

10        Beyond statutory tolling, federal habeas petitioners may also be entitled to equitable tolling of

11    the statute of limitations. <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is

12    subject to equitable tolling in appropriate cases"); <u>Ford v. Gonzalez</u>, 683 F.3d 1230, 1237 (9th Cir.),

13    *cert. denied*, 133 S.Ct. 769 (2012).  "[A] petitioner is entitled to equitable tolling only if he shows (1)

14    that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

15    his way and prevented timely filing." <u>Ford</u>, 683 F.3d at 1237 (quoting <u>Holland</u>, 560 U.S. at 649)

16    (internal quotation marks omitted).  Petitioner makes no claim for equitable tolling, nor does the Court

17    find any basis for it.

18          C.     Actual Innocence

19        Petitioner contends he is actually innocent.  The Supreme Court has held that actual innocence

20    can constitute an equitable exception to AEDPA's statute of limitations, however, "tenable actual-

21    innocence gateway pleas are rare . . . ." <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013); <u>see also</u>

22    <u>House v. Bell</u>, 547 U.S. 518, 538 (2006) (emphasizing that the <u>Schlup</u> standard is "demanding" and

23    seldom met).  The Supreme Court stated that "a petitioner does not meet the threshold requirement

24    unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably,

25    would have voted to find him guilty beyond a reasonable doubt." <u>Schlup v. Delo</u>, 513, U.S. 298, 329

26

27

28

---

[3] Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).  Therefore, under the mailbox rule, the Court deems the petition filed on August 11, 2024, the date Petitioner signed and presumably handed his petition to prison authorities for mailing.

(1995).  "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Id. at 324.  Petitioner fails to meet this demanding standard.

As an initial matter, the Court has already discussed and rejected this claim in the order dismissing the first amended petition:

> Petitioner claims he is actually innocent of the crimes. He states his claim is supported by the trial recording exhibits, ballistics report, witness testimony, identification, DNA forensic report, and Confrontation Clause violation, but does not expound on this claim any further. He does not state how or why any of these items show his innocence. It instead appears that Petitioner is attempting to make a cumulative error claim rather than an actual innocence claim. To make matters more confusing, at the end of each claim Petitioner directs the Court to "Attached Exhibits." With the exception of a Confrontation Clause claim which appears to correlate with Ground Three, the exhibits raise entirely different claims including a Batson/Wheeler claim and a violation of hearsay rules claim. The Court cannot discern whether these are meant to be additional claims or whether they support his previous claims.

(Doc. 10.) In his second amended petition, Petitioner again reiterates his claim of actual innocence in a conclusory fashion. He presents one cursory sentence claiming actual innocence in light of "all wrongful criminal charges imposed by prosecution. . . ." He does not expound on the claim and fails to include any pertinent supporting facts. The facts included in several handwritten pages attached to his petition relate only to his claim of prosecutorial misconduct. To the extent he is attempting to rely on them in support of his claim of actual innocence, his argument is unavailing. The evidence of the claimed Brady violation is not new, nor is it exculpatory. In considering the claimed Brady violation, the state court determined that there was no reasonable probability of a different result if the material had been provided. The state court noted that the eyewitness testimony evidence against Petitioner was strong, and admission of the materials would not have changed the outcome.

Petitioner also includes a notarized affidavit from Trevonte Williams, one of two individuals who had provided incriminating statements to the confidential informant. (Doc. 15 at 15.) In the affidavit, Mr. Williams recants the statements he made to the informant and claims Petitioner is innocent.  Recanted evidence is viewed with great suspicion. Dobbert v. Wainwright, 468 U.S. 1231, 1233-34 (1984).  The strong evidence of Petitioner's guilt from eyewitness testimony and physical evidence also weighed heavily against his claim of innocence.  Petitioner does not cast doubt on his

guilt or show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 537 (2006). Thus, his claim of actual innocence is unavailing.

IV.    Failure to State a Claim

Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

In grounds one and two, Petitioner provides no supporting facts or argument whatsoever. He merely lists his claims and leaves the space for supplying facts and argument blank. This is insufficient.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period, failure to exhaust ground two, and failure to state a claim as to grounds one and two.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v.</u>
<u>Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is
immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule
4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's
judgment.

IT IS SO ORDERED.

Dated:   **March 4, 2025**                                  */s/ Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE